# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

THE WINFIELD COLLECTION LIMITED,

*Plaintiff-Counter Defendant,*

vs.

GEMMY INDUSTRIES CORP.,

*Defendant-Counter Plaintiff.*

HONORABLE PAUL V. GADOLA

CIVIL ACTION NO. 4:02-CV-40249

---

| | |
|---|---|
| ROBERT C.J. TUTTLE (P25222)<br>JOHN E. NEMAZI (P33285)<br>ROBERT C. BRANDENBURG (P28660)<br>**BROOKS KUSHMAN P.C.**<br>1000 Town Center<br>Twenty-Second Floor<br>Southfield, Michigan 48075-1238<br>Tel: (248) 358-4400<br>Fax: (248) 358-3351<br><br>*Attorneys for Plaintiff-Counter Defendant* | RICHARD W. HOFFMANN (P42352)<br>WARN, BURGESS & HOFFMANN, PC<br>691 North Squirrel Road<br>Suite B125<br>Auburn Hills, Michigan 48326<br>Tel: (248) 364-4300<br>Fax: (248) 364-4285<br><br>JAMES G. FLAHERTY<br>ANDERSON BYRD RICHESON FLAHERTY<br>   & HENRICHS<br>216 S. Hickory, P.O. Box 17<br>Ottawa, Kansas 66067<br>Tel: (785) 242-1234<br>Fax: (785) 242-1279<br><br>*Attorneys for Defendant-Counter Plaintiff* |

---

# PLAINTIFF WINFIELD COLLECTION'S
# MOTION FOR SUMMARY JUDGMENT
# ON DEFENDANT GEMMY'S
# <u>AFFIRMATIVE DEFENSES</u>

Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

Plaintiff, The Winfield Collection Limited ("Winfield Collection"), hereby moves pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing the affirmative defenses pled by defendant Gemmy Industries Corporation ("Gemmy").

The basis for this motion is that Gemmy has failed in discovery to come forth with evidence supporting the elements of the several affirmative defenses it has pled. In view of the factually unsupported nature of these affirmative defenses, they are ripe for dismissal as a matter of law on summary judgment.

The accompanying brief in support sets forth in greater detail the factual and legal bases for this motion.

Winfield Collection certifies compliance with Local Rule 7.1(a) prior to filing this motion by a telephone call placed by the undersigned to Richard Hoffmann, counsel for Gemmy, explaining the factual and legal bases for this motion and seeking concurrence. Mr. Hoffmann refused concurrence.

Respectfully submitted,

BROOKS KUSHMAN P.C.

By: /s/ Robert Tuttle
ROBERT C.J. TUTTLE        (P25222)
JOHN E. NEMAZI            (P33285)
ROBERT C. BRANDENBURG (P28660)
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:    (248) 358-4400
Fax:   (248) 358-3351

Dated: **August 29, 2003**

*Attorneys for Plaintiff-Counter Defendant*

Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

THE WINFIELD COLLECTION LIMITED,

    *Plaintiff-Counter Defendant*,

vs.

GEMMY INDUSTRIES CORP.,

    *Defendant-Counter Plaintiff.*

HONORABLE PAUL V. GADOLA

CIVIL ACTION NO. 4:02-CV-40249

---

| | |
|---|---|
| ROBERT C.J. TUTTLE (P25222) | RICHARD W. HOFFMANN (P42352) |
| JOHN E. NEMAZI (P33285) | WARN, BURGESS & HOFFMANN, PC |
| ROBERT C. BRANDENBURG (P28660) | 691 North Squirrel Road |
| BROOKS KUSHMAN P.C. | Suite B125 |
| 1000 Town Center | Auburn Hills, Michigan 48326 |
| Twenty-Second Floor | Tel: (248) 364-4300 |
| Southfield, Michigan 48075-1238 | Fax: (248) 364-4285 |
| Tel: (248) 358-4400 | |
| Fax: (248) 358-3351 | JAMES G. FLAHERTY |
| | ANDERSON BYRD RICHESON FLAHERTY |
| *Attorneys for Plaintiff-Counter Defendant* | & HENRICHS |
| | 216 S. Hickory, P.O. Box 17 |
| | Ottawa, Kansas 66067 |
| | Tel: (785) 242-1234 |
| | Fax: (785) 242-1279 |
| | |
| | *Attorneys for Defendant-Counter Plaintiff* |

---

# BRIEF IN SUPPORT OF
# PLAINTIFF WINFIELD COLLECTION'S
# MOTION FOR SUMMARY JUDGMENT
# ON DEFENDANT GEMMY'S
# <u>AFFIRMATIVE DEFENSES</u>



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-i-

## CONCISE STATEMENT OF THE QUESTION PRESENTED ON THIS MOTION

Should the Court dismiss on summary judgment the factually unsupported affirmative defenses pled by defendant Gemmy in response to plaintiff Winfield Collection's copyright infringement claims?

Winfield Collection answers: YES


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

# CONTROLLING AUTHORITY

## STATUTES

17 U.S.C. § 410(c)

## RULES

Fed. R. Civ. P. 26(e)(1)

Fed. R. Civ. P. 30(b)(6)

Fed. R. Civ. P. 37(c)(1)

Fed. R. Civ. P. 56(e)

## CASE LAW

*Cacevic v. City of Hazel Park*
    226 F.3d 483 (6th Cir. 2000)

*Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc.*
    5 F.Supp. 808 (S.D.N.Y. 1934)

*Geisel v. Poynter Products, Inc.*,
    160 USPQ 590 (S.D.N.Y. 1968)

*King Features Syndicate v. Fleischer*,
    299 F. 533 (2d Cir. 1924)

*Provident Life & Accident Insurance Co. v. Adie*
    176 F.R.D. 246 (E.D. Mich. 1997)


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. The '855 Registration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B. Gemmy's Affirmative Defenses . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C. Gemmy's Initial Disclosures . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D. Gemmy's Responses To Winfield Collection's
       Written Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    E. Winfield Collection's Rule 30(b)(6) Deposition of Gemmy . . . . . . . . . . 7

    F. Governing Summary Judgment Law . . . . . . . . . . . . . . . . . . . . . 7

        1. Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . 7

        2. Operation of Rule 37(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . 8

        3. The Rule 56(e) Requirement Of Competent
           Sworn Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    G. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

# TABLE OF AUTHORITIES

## CASE LAW

*Cacevic v. City of Hazel Park* ................................................. 9
    226 F.3d 483 (6th Cir. 2000)

*Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc.*
    5 F.Supp. 808 (S.D.N.Y. 1934) ........................................ 10

*Geisel v. Poynter Products, Inc.*
    160 USPQ 590, 605 (S.D.N.Y. 1968) ................................... 10

*King Features Syndicate v. Fleischer,*
    299 F. 533 (2d Cir. 1924) ............................................ 10

*Provident Life & Accident Insurance Co. v. Adie*
    176 F.R.D. 246 (E.D. Mich. 1997) ..................................... 8

## STATUTES

17 U.S.C. § 410(c) .................................................... 2, 10

## RULES

Fed. R. Civ. P. 26(e)(1) .................................................. 3

Fed. R. Civ. P. 30(b)(6) ............................................. 1, 7, 9

Fed. R. Civ. P. 37(c)(1) .................................................. 8

Fed. R. Civ. P. 56(e) ..................................................... 9


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## I. INTRODUCTION

This is a suit for copyright infringement. Winfield Collection registered its claim of copyright to its "Witch Crash" work on July 23, 1996, Reg. No. VA781-855 ("the '855 registration"). A copy of the '855 registration with the deposited "Witch Crash" work (reduced scale) is at Tab A.

The Complaint alleges infringement of Winfield Collection's copyrighted work by defendant Gemmy's "Tree Trunk Witch," Gemmy Item Nos. 20280 and 20281. *See*, Complaint, ¶ 14.

Gemmy has pled seven affirmative defenses. *See*, "Affirmative Defenses" at Tab B, pp. 2-3. Winfield Collection (i) directed written discovery, and (ii) deposed Gemmy under Rule 30(b)(6), to discern the factual and legal bases for these affirmative defenses. Fact discovery closed on May 30, 2003, and expert discovery closed on July 30, 2003. *See*, Scheduling Order, ¶ 1. (Tab C.) Thus, the case is ripe for summary disposition of factually unsupported affirmative defenses on which Gemmy is the proof-burdened party.


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## II. DISCUSSION

### A. The '855 Registration

Winfield Collection's registration of its claim of copyright to the "Witch Crash" work accords it key evidentiary presumptions under § 410(c) of the Copyright Act (17 U.S.C. § 410(c)):

> (c) In any judicial proceedings the certificate of a registration made before or within five years publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

Because the '855 registration was granted within five years after first publication of the work, it is eligible for these evidentiary presumptions. In fact, part 3(b) of the '855 registration states the first publication of the work was on June 10, 1996. *See*, Tab A. The '855 registration was granted only forty-three days later, on July 23, 1996.

### B. Gemmy's Affirmative Defenses

Defendant Gemmy has pleaded seven separately-enumerated affirmative defenses (Tab B, pp. 2-3) reproduced as follows:

> 1. The Complaint fails to state a claim upon which relief can be granted.
>
> 2. Plaintiff is barred from obtaining any relief sought in the Complaint by reason of its own unclean hands.


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

3. If Gemmy Industries has infringed any copyright interest held by Plaintiff, Gemmy Industries did so with innocent intent.

4. Gemmy Industries does not infringe any The Winfield Collection copyright with respect to a witch crash pattern.

5. The subject matter alleged to be copyrighted does not constitute works of art within the meaning of the Copyright Law.

6. The subject matter alleged to be copyrighted does not possess the required amount of originality.

7. The subject matter alleged to be copyrighted was not authored by Plaintiff.

### C. Gemmy's Initial Disclosures

Gemmy served initial disclosures in this case on October 18, 2002 — over four months after pleading its affirmative defenses. (Tab D.) Gemmy has not served any supplemental disclosures under Fed. R. Civ. P. 26(e)(1).

None of the persons named in part A is indicated to be likely to have discoverable information supporting Gemmy's affirmative defenses. *See*, Tab D, p. 2. Similarly, no category of documents described under part B are linked to any of Gemmy's pleaded affirmative defenses. *Id.*



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-3-

**D.** **Gemmy's Responses To Winfield Collection's Written Discovery**

Winfield Collection propounded Interrogatory No. 4 to Gemmy seeking the basis for each of the affirmative defenses pled. (Tab E, pp. 2-4.) Winfield's interrogatory no. 4, and Gemmy's (**unverified**) response are reproduced verbatim as follows:

### INTERROGATORY NO. 4

4. Describe separately all defenses defendant has to the claims made by Winfield in this action, including the basis for each defense with identification of all facts, opinions, witnesses and/or documents related to the defense, including legal opinions.

### ANSWER

Gemmy Industries objects to this Interrogatory insofar as it seeks privileged information, or information covered by the attorney-client privilege or work-product immunity. Gemmy Industries further objects to this Interrogatory as premature. Subject to objection:

(1). Complaint Fails To State A Claim

The Witch Crash Project reproduced on Page 3 of the Complaint is not the same as the pattern of the Copyright Registration. The Complaint alleges reproduction of "the 'Witch Crash' Work." Plaintiff does not state which Witch "work" or "pattern" is alleged to be infringed. As the Witch Crash Project shown on Page 3 is not registered, there can be no claim for infringement.

Witness(es) - Drafters of the Claim
Document(s) - Complaint

(2). Unclean Hands

On information and belief the Applicant for Copyright failed to identify and preexisting works on the



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-4-

applications for copyright and/or failed to otherwise truthfully complete the applications for copyright.

> Witness(es) - Michael Easler
> Document(s) - Plaintiff's Copyright Applications and Registrations

### (3). Innocent Intent

Defendant, Gemmy Industries, did not copy any product.

> Witness(es) - These individuals are identified in response to Interrogatory No. 2.
> Document(s) - Items identified in response to Interrogatory No. 2.

### (4). No Infringement

A. No Substantial Similarity. Defendant's 3-dimensional product is not substantially similar to Plaintiff's 2-dimensional copyrighted patterns. Further, there are several marked differences. Therefore, they are substantially dissimilar. The differences are readily apparent. Plaintiff is impermissibly attempting to protect the idea of a witch crashing, not the expression of the idea. There is no similarity in the expression of Defendant's product and Plaintiff's copyrighted pattern.

B. No Access. The designer of the product sold by Defendant did not have access to Plaintiff's copyrighted patterns.

C. Independent Creation. As set forth in response to Interrogatory No. 2 above, the products sold by Defendant were created independently of any of Plaintiff's copyrighted patterns. Nor was Defendant's product derived from any pattern of Plaintiff.

Witness(es) - Dan Flaherty - Gemmy Industries, Inc.
2111 Walnut Hill Lane
Irving, Texas 75038



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

    Joe Pelletier - Gemmy Industries, Inc.
          2111 Walnut Hill Lane
          Irving, Texas 75038

Document(s) - Plaintiff's Copyright Registrations
    Items identified in response to
    Interrogatory No. 2
    Products sold by Defendant

### (5). Definition Under Copyright Laws

The subject matter alleged to be copyrighted does not fit the definition of a work of art within the meaning of the Copyright Laws. Further, Plaintiff is attempting to protect an idea (witch crashing) as opposed to an expression of the idea. Thus, the idea is not a work of art capable of being protected by the Copyright Laws.

Witness(es) - Dan Flaherty - Gemmy Industries, Inc.
          2111 Walnut Hill Lane
          Irving, Texas 75038

Document(s) - Complaint
    Plaintiff's Copyright Registrations

### (6). Originality

The items for which Plaintiff claims protection against Defendant are in the public domain, or were known to Defendan [SIC] before Plaintiff's claim of copyright. The work was created using Defendant's previous works. See response to Interrogatory No. 2 above and documents referenced therein.

Witness(es) - Dan Flaherty - Gemmy Industries, Inc.
          2111 Walnut Hill Lane
          Irving, Texas 75038

(7). See response to Subpart No. 6 above.


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-6-

As can be seen, the responses are attorney *ipse dixit* conclusions. The responses are broad and non-specific, and unlinked to the proof elements for each affirmative defense.

### E. Winfield Collection's Rule 30(b)(6) Deposition Of Gemmy

Winfield Collection deposed Gemmy under Rule 30(b)(6) on, *inter alia*, the factual bases of its affirmative defenses nos. 2-7. *See* "Plaintiff's Re-Notice Of Deposition Of Defendant Pursuant To Rule 30(b)(6), Schedule A," topics 3-8. (Tab F.)

Gemmy designated and produced Dan Flaherty for examination on these topics. *See* Flaherty Dep., p. 5, ll. 5-10. (Tab G.) Mr. Flaherty knew nothing about the factual basis of any affirmative defense. Flaherty Dep., p. 41, l. 5 - p. 42, l. 22. (Tab G.) Mr. Flaherty laid off all affirmative defenses to Gemmy's attorney.

### F. Governing Summary Judgment Law

#### 1. Summary Judgment Standard

> Summary judgment must be granted when the moving party demonstrates that there is no genuine dispute as to any material fact, and that the undisputed facts of record require that judgment enter, as a matter of law, for the movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A party opposing a summary judgment motion must show more than "metaphysical doubt" as to the material facts. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1990). "A dispute about a material fact is 'genuine' only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Elvis Presley Enterprises v. Elvisly Young, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991) (quoting


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-7-

*Anderson*, 477 U.S. at 248). To survive a motion for summary judgment, the non-moving must demonstrate that there is some dispute of fact as to "an element essential to the party's case, and on which that party will bear the burden of proof at trial . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 1317, 322-323 (1986). The "burden on the moving party may be discharged by . . . pointing out to the district court . . . that there is evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. In making such a determination, this Court should examine any evidence in a light most favorable to the non-moving party. *See Boyd v. Ford Motor Company*, 948 F.2d 283, 285 (6th Cir. 1991). *See also Chrysler Corp. v. New Field Publications, Inc.*, 880 F.Supp. 504 (E.C. Mich. 1995).

2. **Operation Of Rule 37(c)(1)**

Fed. R. Civ. P. 37(c)(1) operates to preclude a party who without substantial justification fails to make initial disclosures, or discovery disclosures, relevant to its claims or defenses. This Court applied Rule 37(c)(1) in the *Provident Life & Accident Insurance Co. v. Adie*, 176 F.R.D. 246, 251 (E.D.Mich. 1997), as follows:

> Federal Rules of Civil Procedure 26(e)(1) and 37(c)(1) govern this issue. Rule 26(e)(1) imposes a duty upon a party to supplement at appropriate intervals, its disclosures, when a party learns that a response to an interrogatory is in some material respect incomplete or incorrect and if additional or correct information has not otherwise been made known to other parties during the discovery process or in writing. Rule 37(c)(1) prohibits a party, who without substantial justification failed to disclose information required by Rule 26(e)(1), from introducing at trial any evidence not previously disclosed, unless failure of that party to disclose the evidence is harmless.



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

### 3. The Rule 56(e) Requirement Of Competent Sworn Testimony

Fed. R. Civ. P. 56(e) requires summary judgment affidavits to be made on personal knowledge and is set forth facts which would be admissible in evidence. An unsworn interrogatory answer, based on attorney *ipse dixit*, is not admissible or competent summary judgment evidence. *Cacevic v. City Of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000).

### G. Argument

Gemmy's pleaded affirmative defenses are factually unsupported. Gemmy has named no person in its initial disclosures who may have any information supporting the affirmative defenses. Gemmy has linked no documents to its affirmative defenses. Gemmy's *unverified* interrogatory answers fail to flesh out any *prima facie* showing of the proof elements of these affirmative defenses. Gemmy's Rule 30(b)(6) deponent knew nothing of the factual bases for these defenses.

Gemmy's answers to Interrogatory No. 4 are either (i) false, or (ii) insubstantial, or both. As to Affirmative Defense No. 1, the "witch crash" view in paragraph 3 of the Complaint is **exactly** the same view in the deposited work attached to the registration certificate. *Cf.* Tab A, "Sheet 1" at lower right to Complaint, ¶ 3. As to the Affirmative Defense No. 2, the alleged "preexisting works" are never identified by Gemmy. As to Affirmative Defense No. 3, the naked allegation of no copying is attorney say-so; no credible explanation of the source of the accused work is given. As to Affirmative Defense No. 4, the self-serving conclusory attorney remarks are insubstantial. In A., the two-dimension versus



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

three-dimension argument is empty of merit. A two-dimensional work, such as a drawing or a photograph, can be derived from and therefore infringe a copyright to a three-dimensional sculpture. *Geisel v. Poynter Products, Inc.*, 160 USPQ 590, 605 (S.D.N.Y. 1968). The converse is also true. A copyright to a two-dimensional work, such as a drawing, figure or cartoon, can be infringed by a derivative work in the form of a three-dimensional figure. This well-settled law frequently rises when cartoon characters, such as Dr. Seuss, Betty Boop or Sparky, are reproduced without authorization as a three-dimensional toy figure. *King Features Syndicate v. Fleischer*, 2999 F. 533 (2d Cir. 1924) (cartoon horse "Sparky") and *Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc.*, 5 F.Supp. 808 (S.D.N.Y. 1934) ("Betty Boop" doll). As succinctly stated in *Geisel*, a copyright upon a work in one medium empowers the copyright owner to transform or copy the work into a different medium. In B., there is another naked allegation of "no access," but conspicuously absent is any explanation of another source of the accused work. In C., yet another naked allegation is made of "independent creation," but it is unsupported by any factual content on the circumstances of the creation of the accused work. As to the Affirmative Defenses No. 5 (ineligible for copyright protection), No. 6 (no originality), and No. 7 (incorrect authorship), these hollow recitations are all trumped by the evidence of *prima facie* validity of the validity of the copyright and the facts stated in the registration. 17 U.S.C. § 410(c).

At this stage, Winfield Collection submits it has met its responsibilities as summary judgment movant, *i.e.* to inform the Court of the basis of the motion and to establish


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

there is no genuine issue of material fact. Accordingly, Winfield Collection submits it is entitled to judgment as a matter of law dismissing Gemmy's affirmative defenses.

                                                Respectfully submitted,

                                                **BROOKS KUSHMAN P.C.**

By: _/s/ Robert C.J. Tuttle_
       ROBERT C.J. TUTTLE    (P25222)
       JOHN E. NEMAZI         (P33285)
       ROBERT C. BRANDENBURG (P28660)
       1000 Town Center
       Twenty-Second Floor
       Southfield, Michigan 48075-1238
       Tel:      (248) 358-4400
       Fax:     (248) 358-3351

Dated: **August 29, 2003**

                                                *Attorneys for Plaintiff-Counter Defendant*


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-11-

## CERTIFICATE OF SERVICE

I certify that I served:

**PLAINTIFF WINFIELD COLLECTION'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT GEMMY'S AFFIRMATIVE DEFENSES; and BRIEF IN SUPPORT**

on <u>August 29, 2003</u> by:

\_\_ delivering

√ mailing (via First-Class mail)

a copy to:

Richard W. Hoffmann
WARN, BURGESS & HOFFMANN, PC
691 North Squirrel Road
Suite B125
Auburn Hills, MI 48326
Fax: (248) 364-4285

James G. Flaherty
ANDERSON BYRD RICHESON FLAHERTY
 & HENRICHS
216 S. Hickory, P.O. Box 17
Ottawa, KS 66067
Fax: (785) 242-1279

*Attorneys for Defendant-Counter Plaintiff*

Krisanne Schmidt


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED