



**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEP 11  1 10 PM '03

THE WINFIELD COLLECTION LIMITED,

    Plaintiff-Counter Defendant,

v.                                    Civil Action No. 02-cv-40249

GEMMY INDUSTRIES CORPORATION,        Honorable Paul V. Gadola

    Defendant-Counter Plaintiff.

---

ROBERT C.J. TUTTLE (P25222)
JOHN E. NEMAZI (P33285)
ROBERT C. BRANDENBURG (P28660)
Brooks & Kushman, PC
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Telephone: 248-358-4400
Facsimile: 248-358-3351

*Attorneys for Plaintiff-Counter Defendant
The Winfield Collection Limited*

RICHARD W. HOFFMANN (P42352)
Warn, Burgess & Hoffmann, PC
691 North Squirrel Road
Suite 140
Auburn Hills, Michigan 48326
Telephone: 248-364-4300
Facsimile: 248-364-4285

JAMES G. FLAHERTY
Anderson Byrd Richeson Flaherty & Henrichs
216 S. Hickory, PO Box 17
Ottawa, Kansas 66067
Telephone: 785-242-1234
Facsimile: 785-242-1279

*Attorneys for Defendant-Counter Plaintiff
Gemmy Industries Corporation*

---

**DEFENDANT/COUNTER-PLAINTIFF GEMMY INDUSTRIES CORPORATION'S
MOTION FOR LEAVE TO AMEND COUNTERCLAIM**

## TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF CONTENTS........................................................................................... | i |
| TABLE OF AUTHORITIES ..................................................................................... | ii |
| ISSUE PRESENTED .............................................................................................. | iii |
| I.    INTRODUCTION........................................................................................... | 1 |
| II.   ARGUMENT.................................................................................................. | 1 |
| III.  CONCLUSION .............................................................................................. | 4 |

## TABLE OF AUTHORITIES

**CASES**  PAGE(S)

Estes v. Kentucky Utilities Co.,
  636 F.2d 1131 (6th Cir. 1980) ...................................................................2

Foman v. Davis,
  37 US 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ........................................2

Moore v. City of Paducah,
  790 F.2d 557 (6th Cir. 1986) .....................................................................3

Roth Steel Products v. Sharon Steel Corporation,
  705 F.2d 134 (6th Cir. 1983) .....................................................................2

Seals v. Quarterly County Court of Madison County, Tenn.,
  52 F.2d 216 (6th Cir. 1975) ....................................................................2-3

Sinay v. Lamson & Sessions Co.,
  948 F.2d 1037 (6th Cir. 1991) ...................................................................2

Wallace Hardware Co., Inc. v. Abrams,
  223 F.3d 382 (6th Cir. 2000) .....................................................................3

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
  15(a) ..........................................................................................................1
  18(a) ..........................................................................................................3

3 J. Moore, Moore's Federal Practice
  § 15.08[4] ..................................................................................................3

## ISSUE PRESENTED

WHETHER THIS COURT SHOULD GRANT COUNTER-PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COUNTERLCLAIM.

Defendant/Counter-Plaintiff says    "Yes"

I.  **INTRODUCTION**

During discovery in this matter, Winfield claimed that Gemmy's crashing witch is substantially similar to Winfield's pattern for its witch product. The apparent basis for Winfield claimed similarity was presented in its response to Gemmy's Interrogatory No. 7. Winfield's position is based on the substantially similarity of the witch component of its copyrighted pattern (Appendix A).

Winfield, in essence, states that the elements of the witch including, *inter alia*, a flowing cape, a pointed hat, a broom sticking out from the witch's cape, a hat or hair that hides the back of the head, a cape hiding the body, boots, spread fingers, etc. render Gemmy's crashing witch substantially similar to Winfield's copyrighted pattern.

But, Gemmy had each of these elements in its earlier witch published in its 1994 catalog. Thus, Gemmy had each of these features <u>before</u> Winfield created its pattern. Gemmy's 1994 witch is the subject of Copyright Registration VA1-198-449 (Appendix B). This witch was also published and widely disseminated in Gemmy's 1994 Catalog (Appendix C).

Because Winfield has now based its claim of copyright infringement, at least in part, on the substantial similarity between the witches, and Gemmy's witch design is prior in time, by Winfield's own admission, Winfield infringes Gemmy's copyright in its hanging witch design. That is, if as Winfield now claims, Gemmy's witch is substantially similar to Winfield's pattern, then it follows that because these elements originated with Gemmy prior to Winfield's pattern, then Winfield's pattern is substantially similar to Gemmy's copyrighted witch.

Gemmy should be allowed to amend its Counterclaim to assert this position.

II.  **ARGUMENT**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings is to "be freely given when justice so requires."

1

In <u>Foman v. Davis</u>, 37 US 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court held in accordance with Rule 15 (a):

> If the underlying acts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,...the leave sought should as the rules require by freely given.
>
> * * *
>
> Outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of the at discretion and inconsistent with the spirit of the Federal Rules.

<u>Foman</u>, 37 US at 182.

Counter-Plaintiff Gemmy Industries' amendment should be allowed as it is not acting in bad faith or for the purpose of delay, nor will it prejudice Winfield. See, <u>Foman</u>, <u>supra</u>; <u>Roth Steel Products v. Sharon Steel Corporation</u>, 705 F.2d 134 (6th Cir. 1983); <u>Estes v. Kentucky Utilities Co.</u>, 636 F.2d 1131 (6th Cir. 1980); and <u>Sinay v. Lamson & Sessions Co.</u>, 948 F.2d 1037 (6th Cir. 1991).

In <u>Estes</u>, the court allowed the defendants to amend their answer approximately 41 months after the original complaint was filed to assert an affirmative defense of exclusivity of worker's compensation recovery. Plaintiff, Estes failed to demonstrate that the defendants' amendment of their answer caused him prejudice. The Sixth Circuit held that the district court did not err in allowing the defendants to amend their answer.

In <u>Seals v. Quarterly County Court of Madison County, Tenn</u>, 52 F.2d 216 (6th Cir. 1975), the court reversed and remanded the district court's decision refusing to allow the plaintiff to amend his complaint. The <u>Seals</u> court found that the judge had erred in refusing to allow plaintiffs to amend their complaint to allege a right to relief under state law as a pendent claim. The Sixth Circuit stated at 219:

2

> ...leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded...if the underlying facts or circumstances relief upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits...

Seals' request to amend his complaint was neither in bad faith, nor the result of undue delay or a dilatory motive. Further, the amendment failed to cause the defendants any prejudice.

In this case, Gemmy seeks to amend its Counterclaim by adding an additional count based on the position taken by Winfield. Winfield has now taken the position that elements of a witch sold by Gemmy are substantially similar to its witch pattern. But, these elements were developed first by Gemmy, prior to Winfield's pattern. Accordingly, because Winfield now asserts substantial similarity in these elements, this actually proves Winfield adopted Gemmy's copyrighted witch.

In addition, Winfield will not be prejudiced because this amendment is made only in response to a position taken by Winfield. In addition, Winfield will not be unfairly prejudiced because Gemmy is entitled to bring any and all claims that it may have against Winfield in this action. Fed.R.Civ.P. 18(a). Finally, the amendment will benefit Winfield to the extent that all of the claims that Gemmy has against Winfield will be joined in one action before this Court.

Gemmy's amendment is not designed to cause undue delay. As stated in Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986):

> Delay that is neither intended to harass nor cause any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading...

See also, Wallace Hardware Co., Inc. v. Abrams, 223 F.3d 382 (6th Cir. 2000) and 3 J. Moore, Moore's Federal Practice, Section 15.08[4] at 15-17 (1987).

3

## III.  CONCLUSION

For the reasons set forth above, justice requires that Gemmy be allowed to amend its Counterclaim by adding an addition claim for copyright infringement based on the position taken by Winfield.

Respectfully submitted,

by _/s/ RWH_

| | |
|---|---|
| RICHARD W. HOFFMANN (P42352) | JAMES G. FLAHERTY |
| JOSEPH G. BURGESS (P41621) | Anderson Byrd Richeson Flaherty & Henrichs |
| Warn, Burgess & Hoffmann, PC | 216 S. Hickory, PO Box 17 |
| 691 North Squirrel Road, Suite 140 | Ottawa, Kansas  66067 |
| Auburn Hills, Michigan  48326 | Telephone: 785-242-1234 |
| Telephone: 248-364-4300 | Facsimile: 785-242-1279 |
| Facsimile: 248-364-4285 | |

*Attorneys for Defendant-Counter Plaintiff Gemmy Industries Corporation*

Dated:  September 10, 2003

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED